IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JERRY BRENDEN,                                              Civ. No. 07-6125-AA

      Plaintiff,                                       ORDER OF DISMISSAL

  v.

SELLEN CONSTRUCTION CO.,
INC.,

      Defendant.

---

AIKEN, Judge:

    On June 5, 2007, plaintiff filed a "Perkalation, For Social Security Disability." However, plaintiff did not name the Commissioner of the Social Security Administration as defendant based on the denial of an application for disability benefits. Rather, plaintiff named Sellen Construction Co., Inc. as defendant and alleged that he did not receive "Time-Loss" wages that were due to him, apparently after he became injured at his workplace. Since then, plaintiff has filed numerous documents alleging continuing "injustices" resulting from his attempts to obtain medical care or compensation for his alleged injury.

1    - ORDER OF DISMISSAL

Defendant now moves to dismiss plaintiff's claims, or in the alternative, to make them more definite and certain. Defendant argues that plaintiff's complaint fails to meet federal pleading requirements, fails to state a claim, and fails to establish either subject matter or personal jurisdiction. Additionally, defendant moves to dismiss for insufficiency of service and improper venue. I agree with defendant that plaintiff's pleading contains numerous deficiencies and fails to meet federal jurisdictional requirements.

First, plaintiff's complaint does not satisfy Federal Rules of Civil Procedure 8(a) or 8(e) which require plaintiff to set forth his claim in a <u>short and plain statement</u> showing that he is entitled to relief. Indeed, the court is unable to discern the precise nature of plaintiff's action or the relief sought.

Second, plaintiff's complaint fails to establish subject matter jurisdiction; i.e., that this court has the authority to grant plaintiff the relief he seeks.

To bring suit in federal court, plaintiff must allege a cause of action under federal law, or the parties must be of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §§ 1331, 1332(a). However, plaintiff does not allege a violation of any particular federal law that would allow him to file suit against defendant in federal court. Instead, plaintiff appears to allege violations based on workers' compensation laws and other

2    - ORDER OF DISMISSAL

"injustices" occurring in the State of Washington. Therefore, this court does not possess federal question jurisdiction over plaintiff's claims. Furthermore, even though plaintiff and defendant appear to be of diverse citizenship, plaintiff's cause of action - such as it is - did not arise in Oregon and plaintiff does not provide a sufficient showing that defendant is subject to personal jurisdiction in this forum or that the District of Oregon is the proper venue for plaintiff's claims. Therefore, the court lacks authority to hear plaintiff's case.

Finally, based on the allegations in plaintiff's complaint and subsequent submissions to the court, I find that plaintiff is unable to cure these deficiencies. Accordingly, defendant's Motion to Dismiss (doc. 15) is GRANTED. This case is DISMISSED and plaintiff's pending motions are DENIED as moot.

IT IS SO ORDERED.

Dated this __24__ day of September, 2007.


                    /s/ Ann Aiken
                      Ann Aiken
              United States District Judge

3    - ORDER OF DISMISSAL